MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
110 East 59th Street, 32nd Floor
New York, New York 10022
Telephone:  (212) 317-1200
Facsimile:   (212) 317-1620
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------X

CAMILO PEREZ, *individually and on behalf of others similarly situated,*

       Plaintiffs,

-against-

JWM SECOND, LLC and WASEEM SHENODA,

       *Defendants.*

-----------------------------------------------------X

11 CIV 0737

COMPLAINT

JUDGE CROTTY

COLLECTIVE ACTION UNDER
29 U.S.C. § 216(b)

ECF Case

RECEIVED
FEB 02 2011
U.S.D.C. S.D.N.Y.
CASHIERS

  Camilo Perez ("Plaintiff Perez"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against JWM Second, LLC (the "Defendant Corporation") and Waseem Shenoda (collectively the "Defendants"), allege as follows:

### NATURE OF THE ACTION

  1. Plaintiff Perez is a former employee of Defendants JWM Second, LLC and Waseem Shenoda.

  2. Defendants own, operate, and/or control one of a chain of three Texas barbecue restaurants located in Manhattan, under the name Texas Rotisserie & Grill.

3. Plaintiff Perez is a former employee of Defendants. He was primarily employed as a deliveryman, and his duties included making deliveries; preparing lemonade, salad dressings, utensils, and napkins; and mopping and cleaning the basement.

4. Plaintiff Perez worked for Defendants in excess of 40 hours per week, without appropriate compensation for the hours over 40 per week that he worked. Rather, Defendants failed to maintain accurate recordkeeping of his hours worked, failed to pay Plaintiff Perez appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium. Further, Defendants failed to pay Plaintiff Perez the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

5. Defendants' conduct extended beyond the Plaintiff to all other similarly situated employees. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

6. Plaintiff Perez now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum wages and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 137-1.7 (2006) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

7. Plaintiff Perez seeks certification of this action as a collective action on behalf of himself, individually, and of all other similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Perez's state law claims is conferred by 28 U.S.C. § 1367(a).

9. Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Perez was employed by Defendants in this district.

## THE PARTIES

### *Plaintiff Camilo Perez*

10. Camilo Perez ("Plaintiff Perez" or "Mr. Perez") is an adult individual residing in New York County, New York. He was employed by Defendants from approximately November 2003 until September 2010.

11. Throughout his employment with Defendants, Mr. Perez was stationed at the Defendants' restaurant located at 1315 1st Avenue, New York, New York 10021-8604.

12. He seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

### *The Defendants*

13. At all times relevant to this complaint, Defendants owned, operated, and/or controlled a Texas barbecue restaurant located at 1315 1st Avenue, New York, New York 10021-8604, under the name Texas Rotisserie & Grill. Upon information and belief, JWM Second,

LLC is a domestic corporation organized and existing under the laws of the state of New York. It maintains it principal place of business at 1315 1st Avenue, New York, New York 10021-8604.

14. Texas Rotisserie & Grill, the restaurant owned by Defendants, is part of a chain of three restaurants located throughout Manhattan with the same name. Upon information and belief, the other restaurants are independently owned and operated, and are located at 2581 Broadway, New York, New York 10025 and 94 Fulton Street, New York, New York 10038.

15. Defendant Waseem Shenoda is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Waseem Shenoda is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of the Defendant Corporation. Upon information and belief, Defendant Waseem Shenoda possesses or possessed operational control over the Defendant Corporation, possesses or possessed an ownership interest in the Defendant Corporation, and controls or controlled significant functions of the Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiff Perez, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

16. Defendants operate a Texas barbecue restaurant under the name "Texas Rotisserie & Grill", located on the Upper East Side of Manhattan.

17. Upon information and belief, the individual Defendant, Waseem Shenoda, possesses operational control over the Defendant Corporation, possesses an ownership interest in the Defendant Corporation, and controls significant functions of the Defendant Corporation.

18. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

19. Each Defendant possessed substantial control over Plaintiff Perez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Perez, and all similarly situated individuals, referred to herein.

20. Defendants jointly employed Plaintiff Perez, and all similarly situated individuals, and are his (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

21. In the alternative, the Defendants constitute a single employer of Plaintiff Perez and/or similarly situated individuals.

22. Upon information and belief, Individual Defendant Waseem Shenoda operates the Defendant Corporation as either an alter ego of himself, and/or fails to operate the Defendant Corporation as an entity legally separate and apart from himself, by, among other things:

   a. failing to adhere to the corporate formalities necessary to operate the Defendant Corporation as separate and legally distinct entity;

   b. defectively forming or maintaining the Defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

   c. transferring assets and debts freely as between all Defendants;

   d. operating the Defendant Corporation for his own benefit as the sole or majority shareholder;

  e. operating the Defendant Corporation for his own benefit and maintaining control over it as a closed corporation or closely held controlled entity;

  f. intermingling assets and debts of his own with the Defendant Corporation;

  g. diminishing and/or transferring assets to protect his own interests; and

  h. other actions evincing a failure to adhere to the corporate form.

23. At all relevant times, Defendants were Plaintiff Perez's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Perez, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for his services.

24. In each year from 2005 to the present, the Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

25. In addition, upon information and belief, the Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were used and sold daily in Texas Rotisserie & Grill such meats and beverages were produced outside the state of New York.

### *Plaintiff Camilo Perez*

26. Plaintiff Perez was employed by Defendants from approximately November 2003 until September 2010.

27. Plaintiff Perez was primarily employed by Defendants as a deliveryman.

28. At all relevant times, Plaintiff Perez's duties included making deliveries; preparing lemonade, salad dressings, utensils, and napkins; and mopping and cleaning the basement.

29. Plaintiff Perez regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York.

30. Plaintiff Perez's work duties required neither discretion nor independent judgment.

31. Plaintiff Perez regularly worked in excess of 40 hours per week.

32. From approximately November 2003 until September 2010, Plaintiff Perez worked a schedule from 10:00 a.m. until 9:00 p.m., six days per week. However, three times per week, Defendants would require Plaintiff Perez to come in before his regularly scheduled start time and begin working at 8:00 a.m.

33. Plaintiff Perez was paid on a daily basis throughout his employment with Defendants.

34. Plaintiff Perez received no regular wages from approximately November 2003 until November 2006. The only compensation he received during this period was approximately $2 per delivery that he earned in tips.

35. From approximately November 2006 until December 2008, Plaintiff Perez was paid $4.85 an hour.

36. From approximately December 2008 until September 2010, Plaintiff Perez was paid $4.95 an hour.

37. Plaintiff Perez received tips during his employment with Defendants from deliveries he made to customers, and he was allowed to keep them.

38. Defendants required Plaintiff Perez to report the total amount of tips that he received on a daily basis, and required him to sign a document each day avowing that he had received the said amount in tips.

39. Plaintiff Perez was never notified by the Defendants that his tips would be included as an offset for wages.

40. Defendant Waseem Shenoda forced Plaintiff Perez to sign a document that falsely stated that he worked from 11:00 a.m. to 3:00 p.m., took a one-hour meal break, and then returned and worked from 4:00 p.m. to 7:00 p.m.

41. Defendant Waseem Shenoda therefore forced Plaintiff Perez to sign a document which falsified reported the hours that he worked on a daily basis.

42. Plaintiff Perez received only a 15 minute daily scheduled meal break, although in the false time records that Defendant Waseem Shenoda produced and made him sign, a one hour meal break was recorded.

43. Defendants did not provide Mr. Perez with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

44. No notification, either in the form of posted notices, or other means, was given to Plaintiff Perez regarding overtime and wages under the FLSA and NYLL.

45. Plaintiff Perez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, to accurately reflect his actual hours worked.

*Defendants' General Employment Practices*

46. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Perez and all similarly situated employees to work in excess of 40 hours per week without paying them appropriate minimum wage, overtime, and spread of hours compensation, as required by federal and state laws.

47. Defendants allowed Plaintiff Perez to receive tips during his employment from deliveries that he made to customers.

48. Plaintiff Perez was never notified that these tips would be included as an offset to his wages.

49. Defendants failed to post required wage and hour posters in the workplace, and did not provide Plaintiff Perez with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Perez's relative lack of sophistication in wage and hour laws.

50. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

51. Upon information and belief, this was done to disguise the actual number of hours Plaintiff Perez worked, and to avoid paying Plaintiff Perez properly for (1) his full hours worked, (2) for overtime due, and (3) for spread of hours pay.

52. Defendants did not provide Plaintiff Perez with any document or other statement accurately accounting for his actual hours worked, and setting forth rate of minimum wage and overtime wage.

53. Defendants produced false time records with the specific intent of defrauding federal and state laws. Defendants required Plaintiff Perez to avow that he had worked the hours stated in the false time records by signing them.

## FLSA COLLECTIVE ACTION CLAIMS

54. Plaintiff Perez brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were

employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

55. At all relevant times, Plaintiff Perez, and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime, and spread of hours pay, and willfully failing to keep records required by the FLSA.

56. The claims of Plaintiff Perez stated herein are similar to those of the other similarly situated employees.

## FIRST CAUSE OF ACTION
### (Violation of the Minimum Wage Provisions of the FLSA)

57. Plaintiff Perez repeats and realleges all paragraphs above as though fully set forth herein.

58. At all times relevant to this action, Defendants were Plaintiff Perez's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Perez (and the FLSA class members), control his terms and conditions of employment, and determine the rate and method of any compensation.

59. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

60. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

61.    Defendants failed to pay Plaintiff Perez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

62.    Defendants' failure to pay Plaintiff Perez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

63.    Plaintiff Perez (and the FLSA class members) have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

64.    Plaintiff Perez repeats and realleges all paragraphs above as though fully set forth herein.

65.    Defendants, in violation of the FLSA, failed to pay Plaintiff Perez (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

66.    Defendants' failure to pay Plaintiff Perez (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

67.    Plaintiff Perez (and the FLSA class members) have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (Violation of the New York Minimum Wage Act)

68.    Plaintiff Perez repeats and realleges all paragraphs above as though fully set forth herein.

69. At all times relevant to this action, Defendants were Plaintiff Perez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Perez (and the FLSA class members), control his terms and conditions of employment, and determine the rates and methods of any compensation in exchange for his employment.

70. Defendants, in violation of the NYLL, paid Plaintiff Perez (and the FLSA class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

71. Defendants' failure to pay Plaintiff Perez (and the FLSA class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

72. Plaintiff Perez (and the FLSA class members) have been damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE
### NEW YORK LABOR LAW)

73. Plaintiff Perez repeats and realleges all paragraphs above as though fully set forth herein.

74. Defendants, in violation of the NYLL § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiff Perez (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

75. Defendants failed to pay Plaintiff Perez (and the FLSA class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

76. Defendants' failure to pay Plaintiff Perez (and the FLSA class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

77. Plaintiff Perez (and the FLSA class members) have been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
## (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
## OF THE NEW YORK COMMISSIONER OF LABOR)

78. Plaintiff Perez repeats and realleges all paragraphs above as though fully set forth herein.

79. Defendants failed to pay Plaintiff Perez (and the FLSA class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Perez's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 137-1.7 and 137-3.11.

80. Defendants' failure to pay Plaintiff Perez (and the FLSA class members) an additional hour's pay for each day Plaintiff Perez's (and the FLSA class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

81. Plaintiff Perez (and the FLSA class members) have been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Perez respectfully requests that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the

pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

  (b) Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Perez and the FLSA class members;

  (c) Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Perez and the FLSA class members;

  (d) Declaring that the Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Perez's and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

  (e) Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff Perez and the FLSA class members;

  (f) Awarding Plaintiff Perez and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

  (g) Awarding Plaintiff Perez and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

  (h) Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Perez and the members of the

FLSA Class;

(i)     Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Perez and the members of the FLSA Class;

(j)     Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Perez and the members of the FLSA Class;

(k)     Declaring that the Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff Perez's and the FLSA class members' compensation, hours, wages; and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff Perez and the FLSA class members;

(m)     Awarding Plaintiff Perez and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n)     Awarding Plaintiff Perez and the FLSA class members liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(o)     Awarding Plaintiff Perez and the FLSA class members pre-judgment and post-judgment interest as applicable;

(p)     Awarding Plaintiff Perez and the FLSA class members the expenses incurred in this action, including costs and attorney's fees; and

(q)     All such other and further relief as the Court deems just and proper.

Dated: New York, New York
       February 2, 2011

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____*Michael Faillace*_____
Michael Faillace [MF-8436]

110 East 59th Street, 32nd Floor
New York, New York 10022
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*